# Exhibit B

# INDIANA COMMERCIAL COURT

STATE OF INDIANA      )          IN THE MARION SUPERIOR COURT
                        )  SS:
COUNTY OF MARION     )          CAUSE NO.


CITY OF FISHERS, INDIANA;        )
CITY OF INDIANAPOLIS, INDIANA;   )
CITY OF EVANSVILLE, INDIANA;    )
and CITY OF VALPARAISO, INDIANA;  )
on behalf of themselves and all others    )
similarly situated,                     )
                              )
              Plaintiffs,     )
                              )
         v.                )
                              )
NETFLIX, INC.; DISNEY DTC LLC;    )
HULU, LLC; DIRECTV, LLC;      )
DISH NETWORK CORP.;         )
and DISH NETWORK L.L.C.;      )
                              )
            Defendants.    )

## COMPLAINT

Plaintiffs City of Fishers, Indiana, City of Indianapolis, Indiana, City of Evansville, Indiana, and City of Valparaiso, Indiana (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, and for their Complaint, allege and state as follows:

**OVERVIEW**

1.      Since 2006, the Indiana Video Service Franchises Act (hereafter the "VSF Act"),
Ind. Code. § 8-1-34-1 *et seq.*, has required persons offering "video service" in Indiana to
apply for a franchise from the Indiana Utility Regulatory Commission and pay franchise
fees to cities and other units of government. Defendants have been, and are now, provid-
ers of video service throughout Indiana, but they have not complied with the VSF Act's
requirements. Plaintiffs seek to require Defendants to acquire the necessary franchises,
pay the required fees in the future, and compensate Plaintiffs and all other units of gov-
ernment for unpaid fees for past service,

2.      In relevant part, the VSF Act defines "video service" as "(1) the transmission to
subscribers of video programming and other programming service: (A) through facilities
located at least in part in a public right-of-way; and (B) without regard to the technology
used to deliver the video programming or other programming service; and (2) any sub-
scriber interaction required for the selection or use of the video programming or other
programming service." I.C. § 8-1-34-14.

3.      The VSF Act requires a person who offers video service in Indiana to pay a
quarterly "franchise fee" to each governmental unit (hereinafter, "Unit") included in its
service area. I.C. § 8-1-34-24. A Unit is defined under Indiana law to include counties,
municipalities, and townships. I.C. §§ 8-1-34-12, 36-1-2-23.

4.     The VSF Act is designed to be self-executing, with persons obtaining franchises before offering video service and then paying franchise fees to Units with little or no government involvement. For many years, persons offering video service to subscribers in Indiana, such as traditional cable companies, have abided by the VSF Act's requirements and remitted the requisite fees directly to Units.

5.     In recent years, increasing numbers of Hoosiers have obtained some or all of their video service from defendants Netflix, Inc. ("Netflix"), Disney DTC LLC ("Disney DTC"), Hulu, LLC ("Hulu"), DIRECTV, LLC ("DIRECTV"), and DISH Network Corp. and Dish Network L.L.C. (together, "DISH," and all defendants, collectively, "Defendants").

6.     Defendants transmit video programming to Indiana subscribers using internet protocol and other technologies. When doing so, Defendants transmit their programming through facilities located at least in part in public rights-of-way within the geographic boundaries of Indiana Units, including public rights-of-way located within Plaintiffs' geographic boundaries. Therefore, Defendants are required by the VSF Act to pay the Plaintiffs—and all other Indiana Units in which Defendants transmit video programming through facilities located at least in part in a public right-of-way—franchise fees.

7.     Despite the requirements of the VSF Act, Defendants have not applied for a franchise or paid franchise fees to Indiana Units.

3

8.   Plaintiffs, on behalf of themselves and all other Indiana Units in which Defendants transmit video programming through facilities located at least in part in the Units' public rights-of-way, seek to require Defendants to abide by the VSF Act and to pay the required franchise fees.

## PARTIES, JURISDICTION, AND VENUE

9.   The City of Fishers, Indiana, is a Unit, as defined by I.C. §§ 8-1-34-12 and 36-1-2-23, and it has been at all times during the preceding ten years.

10.   The City of Indianapolis, Indiana, is a Unit, as defined by I.C. §§ 8-1-34-12 and 36-1-2-23, and it has been at all times during the preceding ten years.

11.   The City of Evansville, Indiana, is a Unit, as defined by I.C. §§ 8-1-34-12 and 36-1-2-23, and it has been at all times during the preceding ten years.

12.   The City of Valparaiso, Indiana, is a Unit, as defined by I.C. §§ 8-1-34-12 and 36-1-2-23, and it has been at all times during the preceding ten years.

13.   Plaintiffs are authorized to, intend to, and do receive franchise fees from traditional cable companies and other persons offering video service pursuant to the VSF Act.

14.   Defendants each do business in Indiana, transmitting video programming to Indiana subscribers through facilities located at least in part in Plaintiffs' and other Indiana Units' public rights-of-way, and gaining substantial revenue from Indiana subscribers.

## CLASS ACTION ALLEGATIONS

15.     This action is brought by Plaintiffs, pursuant to Indiana Trial Rule 23, on behalf of themselves and all other Indiana Units entitled to receive franchise fees from the Defendants.

16.     The proposed class includes at least 600 Indiana Units, many of which are small, with little or no funds available for litigation of this nature. The class is so numerous that joinder of all members is impracticable.

17.     There are questions of law or fact common to the class, including but not limited to whether Defendants transmit video programming to subscribers through facilities located at least in part in a public right-of-way, whether Defendants obtained a franchise to transmit such video programming, whether Defendants generate gross revenues from such operations, and whether Defendants are obligated to pay franchise fees to the class members as a result.

18.     The claims asserted by Plaintiffs are typical of the claims of the class in that their statutory authority is identical, and the interpretation and application of the applicable statutes is similar for all class members.

19.     Plaintiffs will fairly and adequately protect the interests of class members in that their interests are aligned. Plaintiffs have retained counsel competent and experienced in class-action litigation, including municipal class actions and substantially similar pending class actions filed against most of the Defendants in Missouri.

20.    The prosecution of separate actions by individual class members would create a risk of: (a) inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants; and (b) adjudications with respect to individual members of the class that, as a practical matter, would be dispositive of the interests of other members not party to the adjudications or would substantially impair or impede those other members' ability to protect their interests.

21.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making it appropriate to grant injunctive relief with respect to the class as a whole. Defendants have conducted business as if they are not required to remit franchise fees to Indiana Units, and they have failed or refused to pay those fees to all class members.

22.    The common questions of law or fact discussed above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FACTUAL ALLEGATIONS

23.    Under I.C. § 8-1-34-24, Indiana Units are entitled to receive a franchise fee from persons transmitting video programming through facilities located at least in part in a public right-of-way.

24.     Defendants offer programming that is comparable to that provided by television broadcast stations and other providers of video programming. Defendants transmit that programming directly to subscribers located within the geographic boundaries of Indiana Units.

25.     Subscribers view Defendants' video programming using devices—including, *inter alia*, smart televisions, streaming media players like Xbox, PlayStation, Roku, or Apple TV, desktop and laptop computers, and set-top boxes—that have software enabling them to receive Defendants' video programming. When a subscriber wants to watch Defendants' video programming, the companies transmit the video programming to the subscriber via internet protocol and other technologies.

26.     Netflix states that it offers video programming that is "comparable to similarly-focused US domestic cable networks."

27.     Hulu similarly claims that its video programming is a viable alternative to cable and broadcast television. As one of Hulu's executives recently put it in a Hulu press release, "Hulu is the complete TV experience for consumers, offering both live and on-demand programming and more consumer choice than ever before."

28.     According to Disney DTC's press release, its Disney+ service offers "commercial-free programming with a variety of original feature-length films, documentaries, live-action, and animated series and short-form content."

29.     Netflix, Hulu, and Disney DTC each transmit their video programming to subscribers in Indiana Units through facilities located at least in part in a public right-of-way.

30.     Defendants DIRECTV and DISH have transformed their businesses and delivery methods over the last decade to meet the demands of the marketplace, and subscribers now access their services through facilities located at least in part in a public right-of-way.

31.     Like traditional cable companies and others offering video service in Indiana who have obtained franchises and paid fees, each of the Defendants charges subscribers a fee to access their video programming. Defendants thus earn gross revenues from transmitting video programming to subscribers through facilities located at least in part in a public right-of-way.

32.     Defendants have failed to comply with the VSF Act by failing to apply for and obtain a franchise, as required by I.C. § 8-1-34-16, by failing to determine quarterly gross revenues from their transmission of video service under the VSF Act, as required by I.C. § 8-1-34-23, and by failing to pay franchise fees to Plaintiffs and other class member Units, as required by I.C. § 8-1-34-24.

**COUNT I – ENFORCEMENT OF STATUTORY DUTIES**

33.     Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1–32 as if more fully set forth herein.

34.     Defendants are engaged in the business of providing video service in Indiana within the meaning of the VSF Act, I.C. § 8-1-34-1 *et seq.* Defendants derive gross revenues from offering such video service and have done so within the preceding ten years.

35.     Defendants have failed to apply for and obtain a franchise as required by the VSF Act.

36.     Defendants have failed to pay franchise fees to Plaintiffs and other class member Units as required by the VSF Act.

37.     Plaintiffs and other class member Units do not have an adequate remedy at law. Defendants' violations of the VSF Act are continuing, and Plaintiffs and the class member Units would be required to bring successive actions to enforce compliance with Defendants' statutory obligations to obtain a franchise and pay franchise fees.

38.     Unless Defendants are enjoined from continuing to violate applicable law, Plaintiffs and other class member Units will suffer irreparable harm or injury.

39.     Defendants have a duty to keep and maintain accurate books and records pertaining to the franchise fees owed to Plaintiffs and other class member Units. *See* I.C. § 8-1-34-24(c).

40.     Plaintiffs have incurred and will continue to incur costs and attorneys' fees needed for the investigation and prosecution of these claims. Those attorneys' fees and other expenditures will result in a benefit to all members of the class, and Plaintiffs' counsel should recover these fees and expenditures pursuant to applicable law.

WHEREFORE, Plaintiffs, on behalf of themselves and all similarly situated Indiana Units, request that this Court grant the following relief:

A.      Declare and adjudge that Defendants provide video service in Indiana within the meaning of the VSF Act, I.C. § 8-1-34-15 and grant all further necessary and proper relief;

B.      Declare and adjudge that Defendants have failed to comply with their obligations to obtain a franchise and to pay franchise fees under the VSF Act and grant all further necessary and proper relief;

C.      Order an accounting of all monies that Defendants owe Plaintiffs and class member Units, including prejudgment interest;

D.      Enjoin and restrain Defendants from providing video service in Indiana, and deriving gross revenues therefrom, without obtaining a franchise and paying the required franchise fees;

E.      Order that Defendants perform their statutory duties and pay all franchise fees owed, past and future, to Plaintiffs and class member Units;

F.      Award attorneys' fees, costs, and expenses from the amounts recovered for the common benefit of the class; and

G. Order such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ *Andrew W. Hull*
Andrew W. Hull (11218-49)
Theodore R. Boehm (2809-49)
Michael R. Limrick (23047-49)
HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Tel: (317) 822-4400
Fax: (317) 822-0234
awhull@hooverhullturner.com
tboehm@hooverhullturner.com
mlimrick@hooverhullturner.com

George Zelcs (*pro hac vice* forthcoming)
Korein Tillery, LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: (312) 641-9750
gzelcs@koreintillery.com

Steven M. Berezney (*pro hac vice* forthcoming)
Garrett R. Broshuis, (*pro hac vice* forthcoming)
Korein Tillery, LLC
505 N. 7th Street, Suite 3600
St. Louis, MO 63101
Tel. (314) 241-4844
Fax. (314) 241-1854
sberezney@koreintillery.com
gbroshuis@koreintillery.com